BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

THOMAS R. GREEN (CABN 203480)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, CA 94612
    Telephone: (510) 637-3695
    Fax: (510) 637-3724
    E-Mail: Thomas.Green@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4-16-71639 MAG |
|     Plaintiff, | [PROPOSED] ORDER DETAINING DEFENDANT SYLVIANE O'NEILL |
|     v. | |
| SYLIVANE O'NEILL, | |
|     Defendant. | |

    The United States has charged defendant Sylivane O'Neill with four counts of conspiracy to distribute or possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(A), 841(b)(1)(B) and 846. The United States moved for defendant's detention pursuant to 18 U.S.C. § 3142, and asked for a detention hearing. Defendant has been charged with Title 21 offenses carrying maximum penalties in excess of 10 years in prison, which creates a rebuttable presumption that there is that no set of conditions of combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community. 18 U.S.C. § 3142(e)(3)(A). Defendant requested a full bail study by Pretrial Services, which submitted a report to

the Court and its recommendation that no combination of conditions in 18 U.S.C. § 3142(c) would reasonably assure defendant's appearance.

The Court heard arguments from the United States and the defendant regarding both flight risk and danger to the community on December 16, 2016, and ordered defendant to be detained and transferred to the District of Oregon, the charging district, finding that no set of conditions could reasonably assure defendant's appearance in Oregon. The Court noted that defendant was charged with serious crimes in another district and had a history of failing to appear for a number of court appearances for less serious charges in defendant's home county of Alameda County. The Court indicated that defendant's poor track record of appearing for less serious charges in her home district concerned the court about defendant's ability to make appearances at a much more distant location where she faces substantially more serious charges. The Court also noted that defendant lacked a permanent or stable residence and questioned how defendant would manage to travel to Oregon given her limited resources. Defendant was not able to provide the court with any surety to help assure her appearance in Oregon. In fact, defendant was not able to provide Pretrial Services with the name of a person who could verify the information defendant provided in connection with the bail study.

Defense counsel argued that defendant needed mental health counseling and requested such treatment in the Northern District where defendant was arrested, but the Court noted that defendant could request the same services in the charging district. Defendant's apparent mental health needs weigh against, not in favor of, providing assurance that defendant will appear in Oregon as ordered. After hearing from both parties, the case submitted by the government and the recommendation by Pretrial Services that defendant be detained, the Court determined that defendant had not rebutted the presumption that no set of conditions or combinations of conditions would reasonably assure her appearance in Oregon and ordered that defendant be detained and transferred to Oregon for her appearance.

### [PROPOSED] ORDER

For the reasons stated on the record during the detention hearings and further stated in this Order, Defendant is ordered detained as no condition or combination of conditions will reasonably assure her appearance in Oregon. *See* 18 U.S.C. § 3142(c). Defendant is committed to the custody of the Attorney

1  General or a designated representative for confinement in a corrections facility separate, to the extent
2  practicable, from persons awaiting or serving sentences or held in custody pending appeal. *See* 18
3  U.S.C. § 3142(i)(2). Defendant must be afforded a reasonable opportunity to consult privately with
4  counsel. *See* 18 U.S.C. § 3142(i)(3). On order of a court of the United States or on request of an
5  attorney for the government, the person in charge of the corrections facility must deliver defendant to
6  the United States Marshal for a court appearance. *See* 18 U.S.C. § 3142(i)(4). Pursuant to 18 U.S.C. §
7  3161(h)(1)(E), time is excluded from calculations under the Speedy Trial Act until defendant's initial
8  appearance in Oregon, on account of the delay resulting from the removal of defendant and
9  transportation of defendant to the charging district of Oregon.

11  IT IS SO ORDERED.

14  DATED: December  20 , 2016

_____
HON. KANDIS A. WESTMORE
United States Magistrate Judge